146 N.J. Super. 447 (1977)
370 A.2d 41
ANNA ROSNER AND MILDRED CAPLOW, AS SUBSTITUTED TRUSTEES FOR LEO ROSNER, PLAINTIFFS-RESPONDENTS,
v.
PLAZA HOTEL ASSOCIATES, INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1976.
Decided January 11, 1977.
*450 Before Judges CRANE, MICHELS and PRESSLER.
Mr. Robert S. Molnar argued the cause for appellant (Messrs. Kleinberg, Moroney, Masterson and Schachter, attorneys).
Mr. Seymour Margulies argued the cause for respondents (Mr. Herbert Winokur, attorney; Messrs. Brigadier and Margulies, of counsel).
*451 The opinion of the court was delivered by PRESSLER, J.S.C., Temporarily Assigned.
The essential question posed by this appeal is whether a secured creditor who perfects his security interest by taking physical possession of the collateral of an insolvent debtor within four months preceding the debtor's execution of an assignment for the benefit of creditors has a right to the collateral superior to that of the assignee. The trial judge so held and the assignee appeals.
This issue arises in a relatively simple factual context. Plaintiffs Anna Rosner and Mildred Caplow, substituted trustees for Leo Rosner, lent defendant Plaza Hotel Associates, Inc. $400,000 in August 1969, evidenced by a note and secured both by a real estate mortgage on defendant's hotel property and a security agreement covering all the hotel personalty. The mortgage was duly recorded and the secured interest perfected by the filing of a financing statement. No continuation statement was, however, thereafter filed, resulting, five years after the initial filing, in a lapse of the effectiveness of the original statement. As a consequence of the lapse, the security interest became unperfected. N.J.S.A. 12A:9-403(2), (3).
Sometime in 1975, and after defendant defaulted in its payments on the note, plaintiffs instituted a mortgage foreclosure action resulting, on July 25, 1975, in a final judgment of foreclosure and sale, which also fixed the amount of the debt in the sum of $400,000 plus interest. Several days later, on July 29, 1975, defendant's attorneys tendered possession of the premises to plaintiffs by turning over the keys thereto and, in writing, describing the existing tenancies and advising plaintiffs to make immediate arrangements to take over the operation of the hotel. Plaintiffs entered into possession on July 30, 1975, permitting defendant, however, at its request, to remain on the premises until August 3, 1975 in order to complete its close-out bookkeeping. On July 31, 1975 defendant executed a deed of assignment of all of its *452 property to Neil A. Kleinberg, Esq., as assignee for the benefit of its creditors pursuant to N.J.S.A. 2A:19-1 et seq.
The question as to whether the assignee took the personalty subject to plaintiffs' security interest was raised by an order entered in the foreclosure action directing the assignee, in effect, to show cause why the security interest did not have priority over his title.[1] The position taken by the assignee was that the financing statement having lapsed, the security interest was rendered not only unperfected but subsequently unperfectable as well. He further argued that even if it could have been perfected by the taking of possession, plaintiffs did not in fact take possession until August 3, 1975, four days after the execution of the deed of assignment, and hence the perfection was too late. Finally, he urges that if the perfection did precede the assignment, it constituted a voidable preference. The trial judge rejected each of these contentions, adjudicating plaintiffs' priority in defendant's personal property. We are satisfied that his determinations were correct.
We agree with the assignee's argument that if plaintiffs are to prevail, their security interest must have been perfected prior to execution of the deed of assignment. N.J.S.A. 12A:9-301(1)(b) expressly provides that an unperfected security interest is subordinate to the rights of a person who becomes a lien creditor without knowledge thereof. See, generally, Mudge v. Sher-Mart Manufacturing Co., 132 N.J. Super. 517 (App. Div. 1975). "Lien creditor" is further defined by N.J.S.A. 12A:9-301 (3) as specifically including an assignee for the benefit of creditors. There is, moreover, nothing in this record to suggest that the Assignee had any actual knowledge of the security interest when the deed of assignment was executed, or, more significantly, and as expressly required by N.J.S.A. 12A:9-301(3), *453 that all of the creditors represented by the assignee had any actual knowledge thereof. Certainly, none of them can be chargeable with constructive knowledge since, because of the lapse of the financing statement, a Uniform Commercial Code certificate of search would no longer (and in fact did not) report this lien.
We do not agree, however, either that the security interest was not re-perfectable after the lapse or that it was not in fact perfected prior to the execution of the deed of assignment. There is no question that it is only an enforceable security interest which is perfectable. A security interest is enforceable against the debtor, that is, it has attached, if either the creditor has possession of the collateral or if the debtor has signed an adequate security agreement. N.J.S.A. 12A:9-203. The original financing statement filed here resulted in the perfection of a security interest which had attached by virtue of the underlying security agreement. The lapse of the effectiveness of the financing statement, while vitiating the perfection, had no effect on the viability of the security agreement itself. Thus, despite the lapse, the security interest continued enforceable against the debtor. Since the attachment of the security interest was thus unaffected by the filing lapse, it could have been reperfected at any time after the lapse in the same manner as if it had never been previously perfected at all, that is, either by a new filing or, in the event of a default, as here, by the taking of possession of the collateral. See N.J.S.A. 12A:9-302(1)(a), 12A:9-305 and 12A:9-503.
The next question is the determination of the date on which plaintiffs took possession. The finding of the trial judge that plaintiffs were at least in constructive possession as of July 30, 1975, the day before the deed of assignment was executed, is fully supported by the evidence which was before him. We would further note, as appears in the record before us, that on August 11, 1975 the assignee himself wrote to plaintiffs' attorney confirming that "prior to the assignment being made and executed, the premises * * * were *454 peacefully turned over to the second mortgagee * * *." We are therefore satisfied, as a matter of fact, that plaintiffs took possession of the collateral before the execution of the deed of assignment, and we hold as a matter of law that that taking of possession constituted a perfection of their security interest in the collateral which rendered it superior to the right therein of the assignee.
Finally, the assignee seeks to sustain his priority by urging that the perfection, if indeed the security interest was perfected, constituted a voidable preference. He relies upon the decision in Brownstein v. Fiberonics Industries, Inc., 110 N.J. Super. 43 (Ch. Div. 1970), which so held in respect of the perfection of a security interest within four months prior to the commencement of receivership action pursuant to N.J.S.A. 14A:14-1 et seq. by a creditor who then had knowledge of the corporate debtor's insolvency. The holding in Brownstein, however, was based upon the court's eminently correct construction of N.J.S.A. 14A:14-14, which defines voidable preferences in favor of creditors of insolvent corporations in receivership, in general accordance with the prescriptions of § 60(b) of the Federal Bankruptcy Act, 11 U.S.C.A. § 96(b).
N.J.S.A. 14A:14-14 accordingly establishes an essentially two-faceted test of a voidable preference, the first aspect of which requires a determination of whether or not the transaction confers a preference at all. If it does, and if it took place within four months of the receivership action, it is voidable only if the preferred creditor had knowledge of the debtor's insolvency at the time of the preference-creating transaction. N.J.S.A. 14A:14-14(2)(a) further expressly provides that perfection of an attached security interest constitutes a preference transaction. Hence, the filing of a financing statement by a secured creditor with the requisite knowledge and during the proscribed time period, the transaction involved in Brownstein, clearly constitutes a voidable preference. If this were a receivership case rather than one involving an assignment for the benefit of creditors, *455 the same result would necessarily obtain under like circumstances where the perfection is achieved by the creditor's taking of possession rather than by his filing of a financing statement.
The fatal flaw in the assignee's argument is that this is an assignment case and not a receivership action, and therefore the determination of what constitutes a voidable preference is governed not by N.J.S.A. 14A:14-14 but rather by N.J.S.A. 2A:19-3.
As a general proposition, it is clear that the Assignment Act and the Receivership Act, providing as they do essentially similar remedies and motivated as they are by virtually identical considerations of public policy, require, insofar as possible, consonant construction. Indeed, by court rule, the remedies they afford are required to be procedurally consonant. See R. 4:54. And see, In re Xaviers, Inc., 66 N.J. Super. 561 (App. Div. 1961); In re Holly Knitwear, Inc., 115 N.J. Super. 564 (Cty. Ct. 1971), mod. 140 N.J. Super. 375 (App. Div. 1976). Thus, where the Assignment Act, substantially unchanged since its original enactment in 1899, is either silent or ambiguous, it is interstitially construable in accordance with what is regarded as the more modern and hence more commercially acceptable and responsive provisions of the Receivership Act. The desirability of conforming the construction of the two acts, however, cannot be regarded as conferring judicial license to abrogate a plainly expressed legislative statement made in the Assignment Act merely because it conflicts with a concomitant provision in the Receivership Act.
Considering the foregoing, we conclude that the perfection of the security interest here did not create a voidable preference within the intendment of N.J.S.A. 2A:19-3. That section, like its Title 14A counterpart, also provides two tests which must be met in order for the transaction to be avoided. Like N.J.S.A. 14A:14-14, the first of these is whether the transaction constitutes a preference. Quite unlike N.J.S.A. 14A:14-14, however, the voidability test is not based *456 on the creditor's knowledge of the insolvency but rather on the debtor's intent to create a preference. These criteria, while overlapping, are not, however, necessarily identical in content.
Applying these tests to the transaction here in light of the construction principles heretofore set forth, we are satisfied that the definition of N.J.S.A. 2A:19-3, while not expressly including perfection of a lien as a transaction constituting a preference, must nevertheless be so construed. That section does include as a preferential transaction the acquisition of a lien "by legal process or otherwise." Obviously, acquisition of a lien cannot confer preference status on a creditor unless it gives him a priority he would not otherwise have had. Thus, as a matter of modern commercial reality and pursuant to the dictates of the Uniform Commercial Code, the circumstance creating the priority, and hence the preference, is not acquisition of the lien in the attachment sense. It is rather perfection of the attached lien which is the sine qua non of priority. Thus, in situations such as that presented here where the superiority of the lien is dependent upon perfection, it is the act of perfection rather than attachment which constitutes acquisition as intended by the statute. We conclude, therefore, that the perfection by possession here was in fact a preference transaction within the definition of N.J.S.A. 2A:19-3.
The assignee's insurmountable problem, however, as we see it, is the voidability test prescribed by the Assignment Act, namely, the intent of the debtor to create a preference. There is in this record neither an allegation nor indeed any proof by the assignee that that was the debtor's intent in turning over possession to plaintiffs. Nor is such an intent necessarily or reasonably inferable. To the contrary, it is clear that the intent of the debtor in having so done with the apparent approval of the prospective assignee was to serve their mutual interest in maintaining the hotel property both as an asset and as a going business without incurring any further debt or obligation in respect thereof. *457 That is the ineluctable conclusion which must be drawn from the assignee's August 11, 1975 letter, heretofore referred to, which took great care to point out to plaintiffs' attorney that plaintiffs were then "in possession of these premises and accepting full responsibility with respect to this property * * *," and to further warn them that "to the best of the Assignee's knowledge there is no insurance on this property, and the Assignee is not in any way responsible or liable in connection with the said property, the contents therein, and any parties which may presently be inhabiting these premises."
It may very well be, and we do not dispute the proposition, that a voidability test based on the creditor's knowledge, as prescribed by N.J.S.A. 14A:14-14, is commercially more reasonable and jurisprudentially more sensible than a voidability based on the debtor's intent as provided by N.J.S.A. 2A:19-3. It is, however, the Legislature's prerogative to modernize the Assignment Act in this respect.
Plaintiffs have advanced an alternative argument to establish their priority in the personalty in the event of the failure of their claim based on the security agreement, namely, that the hotel personalty constitutes trade fixtures covered by the real estate mortgage. In view of our holding here, we do not decide that question.
Affirmed.
NOTES
[1] Although the assignee became the true party defendant in interest as of the execution of the deed of assignment, the pleadings herein were not formally amended to so reflect.